IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $33,000.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **COMPLAINT IN FORFEITURE** |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Henry F. DeBaggis, Assistant U.S. Attorney, and files this Complaint in Forfeiture, respectfully alleging in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, as follows:

## JURISDICTION AND INTRODUCTION

1. This Court has jurisdiction over this *in rem* proceeding pursuant to 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

2. This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

3. Defendant $33,000.00 in U.S. Currency ("defendant currency") was seized on March 23, 2019. Defendant currency is now in the possession of the federal government.

4. Subsequent to the seizure, Homeland Security Investigations ("HSI") commenced administrative forfeiture proceedings against the defendant currency. A claim to the defendant

currency was submitted in the administrative forfeiture proceeding by Traynal Sherrell ("Sherrell"), necessitating the filing of this judicial forfeiture action.

5. The defendant $33,000.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) because it constitutes proceeds traceable to illegal drug trafficking activities, and/or was used - or were intended to be used - in exchange for illegal controlled substances, and/or was used - or were intended to be used - to facilitate illegal drug trafficking activities.

## FORFEITURE

6. On March 23, 2019, Jasmine Henderson ("Henderson") arrived at Cleveland Hopkins International Airport intending to travel as a passenger on Spirit Airlines flight NK185 bound for Los Angeles.

7. After checking in for her flight to Los Angeles, Henderson presented her carry-on bag to the Transportation Security Administration ("TSA") for administrative screening.

8. During the TSA administrative screening, Henderson's carry-on bag alerted for the presence of a bulk mass; consequently, TSA agents executed normal protocol and examined the carry-on bag in an attempt to identify the nature of the bulk mass.

9. During the TSA administrative search of the carry-on bag, TSA agents discovered $33,000.00 in U.S. currency concealed in shoes and within multiple garments.

10. HSI agents responded to the TSA screening location and advised Henderson that she was not under arrest but her bag was being detained for further investigation and Henderson agreed to be interviewed at the HSI office to discuss the currency in her carry-on bag.

11. During an interview at the HSI office, Henderson told HSI agents:

    a. The currency belonged to her brother-in-law Traynal Sherrell.

    b.  Traynal Sherrell owned a hair accessory business in the Northern District of Ohio.

    c.  She had no idea how much money she was traveling with or why it was concealed throughout her bag.

    d.  She picked up the currency after she went to a house and talked with a person known to her as "little man."

  12.  On March 23, 2019, Cleveland Police Officer Nichols and his K9 partner Hugo conducted a controlled sniff of the currency and K9 Hugo alerted to the currency as positive for the odor of narcotics.

  13.  HSI agents advised Henderson that they believed the currency was proceeds of narcotics related activity and it would be seized.

  14.  Henderson completed a DHS Form 4607 in which she abandoned any claim to the $33,000.00 in U.S. Currency.

  15.  Henderson and Sherrell have criminal histories with multiple drug related offense convictions.

  16.  The $33,000.00 in U.S. currency was seized as illegal narcotics proceeds and this amount is the defendant currency in this case.

## CONCLUSION

  17.  By reason of the foregoing, the defendant $33,000.00 in U.S. currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a) (6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug trafficking activities.

WHEREFORE, plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant currency and forfeiting it to the United States, and providing that the defendant currency be delivered into the custody of the United States for disposition according to law, and for such other relief deemed proper.

          Respectfully submitted,

          JUSTIN E. HERDMAN
          United States Attorney

By: _____
          Henry F. DeBaggis (OH: 0007561)
          Assistant United States Attorney
          Carl B. Stokes U.S. Court House
          801 West Superior Avenue, Suite 400
          Cleveland, Ohio 44113
          216.622.3749
          Fax: 216.522.7499
          Henry.DeBaggis@usdoj.gov

# VERIFICATION

STATE OF OHIO         )
                      ) SS.
COUNTY OF CUYAHOGA )

I, Henry F. DeBaggis, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.



DIANE SCHNEIDER
NOTARY PUBLIC
STATE OF OHIO
COMM. EXPIRES
3-9-2022
RECORDED IN
CUYAHOGA COUNTY

_____
Henry F. DeBaggis (OH: 0007561)
Assistant United States Attorney

Sworn to and subscribed in my presence this __21__ day of August, 2019.

_____
Notary Public

5