IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-CV-1890 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| $33,000.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **ORDER OF FORFEITURE** |

Pursuant to 21 U.S.C. § 881(a)(6) [drug proceeds], this is an action for the civil forfeiture of the defendant currency in the amount of $33,000.00.  It appears to the Court that proper proceedings for the issuance of an Order of Forfeiture have been had in this case as follows:

I.      *The Defendant Currency:*

On March 23, 2019, the defendant $33,000.00 U.S. Currency (the "defendant currency") was seized from Jasmine Henderson at the Cleveland Hopkins International Airport.  The seizure was made pursuant to a Department of Homeland Security - Homeland Security Investigations (HSI) / Cleveland Police Department (CPD) investigation.  The defendant currency is now in the custody of the federal government.  (*See*, R. 1: Complaint in Forfeiture, at ¶ 16.)

II.     *Background.*

On August 21, 2019, the Complaint in Forfeiture (R. 1) was filed in this case against the defendant currency.  Therein, the basic underlying facts of the case were alleged as follows:

a.)     On March 23, 2019, Jasmine Henderson ("Henderson") arrived at Cleveland Hopkins International Airport intending to travel as a passenger on Spirit Airlines flight NK185 bound for Los Angeles. (*Id.* at ¶ 6).

b.)     After checking in for her flight to Los Angeles, Henderson presented her carry-on bag to the Transportation Security Administration ("TSA") for administrative screening. (*Id.* at ¶ 7).

c.)     During the TSA administrative screening, Henderson's carry-on bag alerted for the presence of a bulk mass; consequently, TSA agents executed normal protocol and examined the carry-on bag in an attempt to identify the nature of the bulk mass. (*Id.* at ¶ 8).

d.)     During the TSA administrative search of the carry-on bag, TSA agents discovered $33,000.00 in rubber-banded bundles of U.S. currency concealed in shoes and within multiple garments. (*Id.* at ¶ 9).

e.)     HSI agents responded to the TSA screening location and advised Henderson that she was not under arrest but her bag was being detained for further investigation and Henderson agreed to be interviewed at the HSI office to discuss the currency in her carry-on bag. (*Id.* at ¶ 10).

f.)     During an interview at the HSI office, Henderson told HSI agents:

     i.     The currency belonged to her brother-in-law Traynal Sherrell.

     ii.     Traynal Sherrell owned a hair accessory business in the Northern District of Ohio.

     iii.     She had no idea how much money she was traveling with or why it was concealed throughout her bag.

              iv.      She picked up the currency after she went to a house and talked with a person known to her as "little man." (*Id.* at ¶ 11).

g.)      On March 23, 2019, Cleveland Police Officer Nichols and his K9 partner Hugo conducted a controlled sniff of the currency and K9 Hugo alerted to the currency as positive for the odor of narcotics. (*Id.* at ¶ 12).

h.)      HSI agents advised Henderson that they believed the currency was proceeds of narcotics related activity and it would be seized. (*Id.* at ¶ 13).

i.)      Henderson completed a DHS Form 4607 in which she abandoned any claim to the $33,000.00 in U.S. Currency. (*Id.* at ¶ 14).

j.)      Henderson and Sherrell have criminal histories with multiple drug related offense convictions. (*Id.* at ¶ 15).

k.)      The $33,000.00 in U.S. currency was seized as illegal narcotics proceeds and this amount is the defendant currency in this case. (*Id.* at ¶ 16).

III.    *The United States has satisfied all of the statutory notice requirements as set forth in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions*:

1.      As set forth above, the Complaint in Forfeiture (R. 1) was filed in this case on August 21, 2019.  Under 21 U.S.C. § 881(a)(6), the complaint alleged that the defendant currency is subject to forfeiture to the United States in that it constitutes proceeds from illegal drug trafficking activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug trafficking activities.  (R. 1: Complaint in Forfeiture, at ¶¶ 5 and 17).

2.      Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), the United States

posted notice of the Complaint in Forfeiture (R. 1) on an official government internet site for at least 30 consecutive days, beginning on August 22, 2019, and ending on September 20, 2019. No claims to the defendant currency were filed as a result of the internet notification. (Docket Report.)

      3.      The Clerk of this Court issued a Warrant of Arrest *in Rem*, which was served on the defendant currency by Homeland Security Investigations on October 15, 2019.  (R. 4: Warrant of Arrest *in Rem* Return.)

      4.      Pursuant to Supplemental Rules G(4)(b)(iii)(A) and G(4)(b)(iii)(B), a Notice of Forfeiture and a copy of the complaint were mailed, by certified mail, to:

> Traynal Sherrell
> c/o Justin Weatherly, Esq.
> Henderson, Mokhtari & Weatherly
> 3238 Lorain Avenue
> Cleveland, Ohio 44113

(*See*, Service by Clerk [non-document], filed on August 21, 2019; certified mail.) [1]

      5.      The Notice of Forfeiture advised as follows:

> Pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, you are required to file with the Court . . . a verified claim to the defendant currency within 35 days after your receipt of the complaint.  Said claim shall contain the information required by Rule G(5) of the said Supplemental Rules. Additionally, you must file and serve an answer to the complaint . . . within 20 days after the filing of the claim, exclusive of the date of filing.  If you fail to do so, judgment will be taken for the relief demanded in the complaint.

      6.      Service of the documents referred to in paragraphs 4-5 was made by certified mail on August 26, 2019.  (R. 3: Return of Service by Clerk by Certified Mail.)

---

[1]       Supplemental Rule G(4)(b) provides for notice sent by [certified] mail.

7.    Traynal Sherrell has failed to file a verified claim to the defendant currency [as required by 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5)(a)] or an answer to the Complaint in Forfeiture [as required by 18 U.S.C. § 983(a)(4)(B) and Supplemental Rule G(5)(b)]. (Docket Report.)

8.    No other person/entity has made any claim to, or declared any interest in, the defendant currency. (Docket Report.)

Accordingly, it is **ORDERED, ADJUDGED, and DECREED**:

9.    The defendant $33,000.00 U.S. Currency is finally forfeited to the United States under 21 U.S.C. § 881(a)(6), and no right, title, or interest shall exist in any other party.  The United States shall seize and take control of the defendant currency, and shall dispose of it in accordance with law.

**SO ORDERED** this 24th day of October, 2019.


 /s/ Solomon Oliver, Jr.
Solomon Oliver, Jr.
United States District Judge, N.D. Ohio